UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LISA BROOKS,** individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**EIHAB HUMAN SERVICES, INC.,**<br><br>Defendant. | Case No. |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff, **LISA BROOKS** (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, **JTB LAW GROUP LLC**, hereby brings this Collective and Class Action Complaint against Defendant, **EIHAB HUMAN SERVICES, INC.** (hereinafter referred to as "Defendant"), alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Plaintiff also brings this action, individually and as a Rule 23 class action on behalf of all others similarly situated to recover unpaid minimum and overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violation of the New York Labor Law, N.Y. Labor Law §§ 650 *et seq*. and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.* (collectively the "NYLL").

3. Defendant EIHAB Human Services, Inc., is a not-for-profit organization that provides support services to families and individuals with developmental disabilities in New York City, Long Island, New Jersey and Pennsylvania.

4. Defendant improperly classified its Medical Coordinators/Shift Supervisors and Assistant Residence Managers as salary-exempt employees and paying them a fixed salary regardless of how many hours they worked.

5. As Medical Coordinators/Shift Supervisors and Assistant Residence Managers, Plaintiff and the putative FLSA collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from minimum wage and overtime under the FLSA and NYLL.

6. The FLSA and NYLL require non-exempt employees to be compensated at the required minimum wage rate pursuant to 29 U.S.C. § 206(a) and N.Y. Labor Law § 652 and for overtime work at the mandated overtime wage rate pursuant to 29 U.S.C. § 207(a)(1) and 12 NYCRR § 142-2.2.

7. As a result, Defendant (a) failed to pay Plaintiff and Rule 23 class members the state mandated minimum wage and (b) failed to pay Plaintiff and the putative FLSA collective and Rule 23 class members the statutorily required overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

8. Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative FLSA collective, defined as:

> *All individuals employed by Defendant as Medical Coordinators/Shift Supervisors and/or Assistant Residence Managers at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

9. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all Medical Coordinators/Shift Supervisors and Assistant Residence Managers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

10. Plaintiff asserts the NYLL claims not only individually, but also on behalf of a putative NYLL class pursuant to Fed. R. Civ. P. 23, defined as:

> *All individuals employed by Defendant as Medical Coordinators/Shift Supervisors and/or Assistant Residence Managers in the State of New York at any time from 6 years prior to the filing of this Complaint through the date of judgment.*

11. For at least six (6) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

13. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14. The Court has personal jurisdiction over Defendant because company is incorporated and has a principal place of business in New York.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendant**

16. According to its website (https://www.eihab.org/about), Defendant EIHAB Human Services, Inc., is a nonprofit organization incorporated in New York with a principal business address located at 168-18 South Conduit Avenue, Springfield Gardens, New York 11434.

17. EIHAB provides a wide array of services to families and individuals with developmental disabilities in New York City, Long Island, New Jersey and Pennsylvania.

18. EIHAB employs over 200 employees of medical coordinators/supervisor, social workers, assistant managers and direct support professionals to deliver care and person-centered planning, for mentally and physically challenged individuals.

**Plaintiff**

19. Plaintiff Lisa Brooks is a resident of the County of Suffolk and State of New York.

20. Plaintiff was employed by Defendant from approximately January 2015 until November 2017.

21. Plaintiff mainly worked in Brooklyn, NY throughout her employment with Defendant.

22. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit A*.

## FACTUAL ALLEGATIONS

23. Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA and N.Y. Labor Law §§ 190(3), 651(6).

24. Plaintiff Lisa Brooks was an "employee" of Defendant within the meaning of 29

U.S.C. § 203(e)(1) and N.Y. Labor Law §§ 190(2), 651(5).

25. Defendant was and continues to engage in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

26. Defendant's annual gross revenues were in excess of $500,000 per annum.

27. Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

28. Defendant "suffered or permitted" Plaintiff and the putative FLSA collective and Rule 23 class members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

29. Defendant employed Plaintiff as a Medical Coordinator/Shift Supervisor from approximately January 2015 until July 2015, during which Defendant paid Plaintiff a fixed annual salary rate of $27,000.

30. Defendant employed Plaintiff to work dual positions of Medical Coordinator/Shift Supervisor and Assistant Residence Manager from approximately July 2015 until January 2017, during which Defendant paid Plaintiff fixed annual salary rates of $35,000 from approximately July 2015 until July 2016 and $40,000 from approximately July 2016 until January 2017.

31. Defendant employed Plaintiff as a Residence Manager from approximately January 2017 until October 2017, during which Defendant paid Plaintiff a fixed annual salary rate of $40,000.

32. Defendant employed Plaintiff as an Assistant Residence Manager from approximately October 2017 until November 2017, during which Defendant paid Plaintiff a fixed annual salary rate of $32,000.

33. As a Medical Coordinator/Shift Supervisor, Plaintiff and the putative FLSA

collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from minimum wage and overtime under the FLSA and NYLL.

34. As an Assistant Residence Manager, Plaintiff and the putative FLSA collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from minimum wage and overtime under the FLSA and NYLL.

35. Defendants improperly classified Medical Coordinator/Shift Supervisor and Assistant Residence Manager as exempt positions.

36. Defendant paid its Medical Coordinators/Supervisors and Assistant Residence Managers a fixed salary regardless of how many hours they worked.

37. Defendant required its Medical Coordinators/Supervisors and Assistant Residence Managers to regularly work over forty (40) hours in a workweek.

38. Defendant failed to pay Plaintiff and the Rule 23 class members the state mandated minimum wage.

39. For example, for the workweek of March 6, 2016 to March 12, 2016, Plaintiff worked 6 days and approximately 76 hours; and Defendant paid Plaintiff a fixed annual salary rate of $35,000, or a fixed weekly salary rate of $673.08, which equals to an hourly rate of $8.87 less than the required minimum hourly wage rate of $9.00.[1]

40. Defendant failed to pay Plaintiff and the FLSA collective and Rule 23 class members' overtime compensation at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek,

41. For example, for the workweek of October 16, 2016 to October 22, 2016, Plaintiff worked over forty (40) hours; and Defendant paid Plaintiff a fixed weekly salary rate of $769.23

---

[1] From December 31, 2015 to December 30, 2016, the New York minimum wage was established at $9 per hour. See https://www.labor.ny.gov/stats/minimum_wage.shtm (last visited January 3, 2018).

6

without overtime pay a rate of time-and-a-half (1.5) of her regular rate of pay for all hours worked in excess of 40.

42. At all relevant times alleged herein, Plaintiff and the putative FLSA collective and Rule 23 class members have been subjected to the common pay policy and practice of Defendant as stated herein that violated the FLSA and NYLL.

43. At all relevant times alleged herein, Defendant has, directly or indirectly, hired Plaintiff and the putative FLSA collective and Rule 23 class members; has controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

44. At all relevant times alleged herein, Defendant has maintained control, oversight, and direction over Plaintiff and the putative FLSA collective and Rule 23 class members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime compensation.

45. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

46. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff minimum wage and proper overtime compensation. As set forth herein, other prior and current FLSA collective and Rule 23 class members were subjected to the same wrongful policies, practices, and/or procedures.

## **COLLECTIVE ACTION ALLEGATIONS**

47. Plaintiff re-alleges and incorporates all previous paragraphs herein.

48. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All individuals employed by Defendant as Medical Coordinators/Shift Supervisors and/or Assistant Residence Managers at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

49. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another on behalf of Defendant; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

50. Members of the FLSA collective are all improperly classified as exempt employees by Defendant.

51. As a result of the foregoing policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

52. Plaintiff estimates the FLSA collective, including both current and former employees over the relevant period, will include approximately two hundred (200) employees. The precise number of FLSA collective members should be readily available from a review of

8

Defendant's personnel and payroll records.

53. Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

## **RULE 23 CLASS ACTION ALLEGATIONS**

54. Plaintiff additionally seeks to maintain this action as a class action, pursuant to the Federal Rules of Civil Procedure Rule 23 (Fed. R. Civ. P. 23) on her own behalf as well as those who are similarly situated, who, during the previous six years, were subjected to violations of the New York Labor Law, N.Y. Labor Law § 650 *et seq*.

55. The Rule 23 class which Plaintiff seeks to define is as follows:

> *All individuals employed by Defendant as Medical Coordinators/Shift Supervisors and/or Assistant Residence Managers in the State of New York at any time from 6 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

56. The members of the Rule 23 class are so numerous that joinder of all Class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of Class members in the State of New York. Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

57. There is a well-defined community of interest among Class members and common questions of law and fact predominate in this action over any questions affecting each individual Class member. These common legal and factual questions, include, but are not limited to, the following:

      a. Whether Class members were compensated at a rate less than the statutorily required minimum hourly rate of pay;

      b. Whether Class members worked more than forty (40) hours in any single workweek; were compensated for overtime pay pursuant to Defendant's policies; and

      c. Whether Defendant failed to pay Class members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of 40 per week.

58. Plaintiff's claims are typical of those of the Class members in that they and all other Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

59. Plaintiff was employed by Defendant in the same capacity as all of the Class members. All Class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper overtime wages and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay. Thus, there are common questions of law and fact which are applicable to each and every one of the Class members.

60. Plaintiff will fully and adequately protect the interests of the Class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the Class members.

61. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff's claim arises from the same legal theories as all other Class members. Therefore, this case will be more manageable and efficient as a Class action. Plaintiff and her

counsel know of no unusual difficulties in this case.

## COUNT I
### (29 U.S.C. § 216(b) Individual Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

64. Defendant improperly classified Plaintiff as an exempt employee.

65. Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

66. Plaintiff regularly worked in excess of forty (40) hours per workweek.

67. Defendant paid Plaintiff a fixed salary regardless of how many hours she worked in a workweek.

68. Defendant failed to pay Plaintiff the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of her regular rate of pay for worked hours in excess of forty (40) per week.

69. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

70. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

71. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

72. Plaintiff re-alleges and incorporates all previous paragraphs herein.

73. Defendant improperly classified Plaintiff and FLSA collective members as exempt employees.

74. Plaintiff and the FLSA collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

75. Plaintiff and the FLSA collective members regularly worked in excess of forty (40) hours per workweek.

76. Defendant paid Plaintiff the FLSA collective members a fixed salary regardless of how many hours they worked in a workweek.

77. Defendant failed to pay Plaintiff and the FLSA collective members the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay for worked hours in excess of forty (40) per week.

78. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

79. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

80. As a result of Defendant's uniform policies and practices described above,

Plaintiff and the FLSA collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT III
### (NYLL, N.Y. Labor Law § 650 *et seq*., Individual Claims)
### FAILURE TO PAY MINIMUM WAGE AND OVERTIME

81. Plaintiff re-alleges and incorporates all previous paragraphs herein.

82. Defendant employed Plaintiff within the meaning of the NYLL.

83. Defendant improperly classified Plaintiff as an exempt employee.

84. Plaintiff performed primary job duties that do not fall within any exemptions from minimum wage and overtime under the NYLL.

85. Plaintiff regularly worked in excess of forty (40) hours per workweek.

86. Defendant paid Plaintiff a fixed salary regardless of how many hours she worked in a workweek.

87. Defendant failed to pay Plaintiff the state mandated minimum wage as well overtime compensation at a rate not less than time-and-a-half (1.5) of her regular rate of pay for worked hours in excess of forty (40) per week.

88. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

89. As a result of the foregoing, Plaintiff was illegally denied minimum wage and proper overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to NYLL.

## COUNT IV
## Fed R. Civ. P. 23 Class Action
## Violations of NYLL, N.Y. Labor Law § 650 *et seq*.,

90. Plaintiff re-alleges and incorporates all previous paragraphs herein.

91. Defendant employed Plaintiff and Class members within the meaning of the NYLL.

92. Defendant improperly classified Plaintiff and Class members as exempt employees.

93. Plaintiff and Class members performed primary job duties that do not fall within any exemptions from minimum wage and overtime under the NYLL.

94. Plaintiff and Class members regularly worked in excess of forty (40) hours per workweek.

95. Defendant paid Plaintiff and Class members a fixed salary regardless of how many hours they worked in a workweek.

96. Defendant failed to pay Plaintiff and Class members the state mandated minimum wage as well overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay for worked hours in excess of forty (40) per week.

97. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

98. As a result of the foregoing, Plaintiff and Class members were illegally denied minimum wage and proper overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to NYLL.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the minimum wage and overtime provisions of the New York Labor Law, N.Y. Labor Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.*;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA and NYLL and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NYLL claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)    Designating Lead Plaintiff as the representative of the FLSA collective and Rule 23 class in this action;

(I)    Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)    Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)    Judgment for damages for all unpaid minimum wage and overtime compensation, liquidated damages and pre-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the New York Labor Law, N.Y. Labor Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.*;

(L)    An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and NYLL;

(N)    Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)    Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, Lisa Brooks, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: January 9, 2018   By:   /s/ *Nicholas R. Conlon*
Nicholas R. Conlon
Jason T. Brown
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

*Attorneys for Plaintiff*