


155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

May 29, 2018

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers Room 1230
Brooklyn, NY 11201

***Re:*** ***Brooks v. Eihab Human Services, Inc.***
Civil Case No.: 1:18-cv-00137-KAM-CLP
**Joint Letter Motion for Approval of FLSA Settlement**

Dear Judge Pollak:

This firm represents Plaintiff Lisa Brooks in the above-referenced matter. Pursuant to Your Honor's Electronic Order of April 26, 2018, we submit this letter motion (the "Motion") on behalf of all parties for approval of the parties' proposed "Settlement Agreement and Release" ("Agreement") as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). A copy of the parties' proposed Agreement is attached as **Exhibit 1** to the Declaration of Ching-Yuan Teng ("Teng Decl."), filed concurrently herewith**.**

For the reasons and arguments set forth below, the parties submit that the terms and amounts set forth in the proposed Agreement constitute a fair and reasonable resolution of the parties' *bona fide* dispute over liability, the number of hours worked and computation of the alleged damages. The parties therefore respectfully request the Court approve the proposed terms of settlement and grant the Motion.

## Case Overview

Plaintiff commenced this action on January 9, 2018 alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime and the New York Labor Law ("NYLL") for unpaid overtime and minimum wage. (ECF No. 1). Specifically, Plaintiff alleged that she was paid a fixed weekly salary without receiving proper overtime and/or minimum wage when she was a Medical Coordinator/Shift Supervisor from approximately January 2015 to July 2015, when she worked dual positions of Medical Coordinator/Shift Supervisor and Assistant Residence Manager from approximately July 2015 to January 2017, and when she was an Assistant Residence Manager from approximately October 2017 to November 2017. (*Id.*).




155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

Defendant filed its Answer on April 2, 2018. (ECF No. 10). Defendant denies these allegations and maintains that it properly paid Plaintiff at all times. Defendant claims that Plaintiff was exempt from overtime and minimum wage under the executive and/or administrative exemptions of the FLSA and NYLL. The parties do not dispute that Plaintiff was paid over $455 a week as both Medical Coordinator/Shift Supervisor and Assistant Residence Manager but disagree on, *inter alia*, whether Plaintiff's job duties qualified her as exempt under the executive and/or administrative exemptions to the overtime and/or minimum wage requirements of the FLSA and NYLL, whether Plaintiff regularly worked a range of up to 65 to 76 hours per week throughout her employment period, whether there was a mutual understanding that the fixed weekly salary was compensation for all hours worked each workweek, whether Plaintiff's regular rate of pay was computed properly in calculating alleged unpaid wages, whether half-time methodology or time-and-one-half methodology should be applied in calculating alleged unpaid overtime, whether liquidated damages are appropriate and whether there are other similarly situated employees. (Teng Decl. ¶ 22).

Counsel for the parties discussed the complexity of the litigation, its proofs, and possible procedural practices of moving for 216(b) collective conditional certification and/or Rule 23 class certification, Defendant's moving for decertification, and dispositive motions by both sides. (*Id.* ¶ 23). Proceeding with the case could involve considerable risk, expense and time for both sides.

Acknowledging the risk of continued litigation, the uncertainty of rulings on the classification of a position under the FLSA and NYLL and to avoid the burden and expenses they would face in trying to establish their respective positions, including the costs and fees associated with anticipated fact-intensive discovery and trial preparation, Counsel for the parties engaged in several rounds of arm's-length negotiations. (*Id.* ¶ 24).

The parties conferred and completed independent damage calculations for the Plaintiff which described the overtime and minimum damages alleged to be owed to her assuming she prevailed 100% on her claims for unpaid overtime and minimum wage. After extensive investigation into the factual details with Plaintiff and review of the pay and employment-related records provided by Plaintiff, Plaintiff's Counsel estimates that applying the reasonably practical half-time methodology with alleged 65 to 76 work hours per week throughout her employment period with Defendant, if Plaintiff prevailed she would be entitled to $20,234.16 in actual damages plus an equal amount in liquidated damages. (*Id.* ¶ 25). Plaintiff also acknowledges that if Defendant prevailed in establishing that she was properly classified as exempt and thus properly paid for all hours worked, she would recover nothing and further the number of hours worked per week would have to be factually established. (*Id.*).




155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

Ultimately, the parties were able to come to an arm's-length agreement to resolve their differences that incorporated the risks of continued litigation. (*Id.* ¶ 26). The parties have agreed to and executed the proposed Agreement which dictates the terms and conditions of the settlement of Plaintiff's claims. (*See* **Exhibit 1** to Teng Decl.).

Pursuant to the proposed Agreement, Defendant shall pay a total of $26,293.95 to the Plaintiff to resolve her claims, and shall make a separate payment of $13,706.05, representing $559.07 for costs and $13,146.98 for reasonable attorneys' fees, to Plaintiff's Counsel. (*Id.*).

This constitutes valuable consideration for the release and dismissal of her claims and is a fair and reasonable compromise of her claims given the parties' *bona fide* disputes over factual and legal merits.

In sum, the parties submit that the proposed Agreement represents a fair resolution of the matter achieved through multiple rounds of arm's-length negotiation. Thus, the parties respectfully request that the Court grant the Motion and approve the proposed Agreement.

**<u>The Agreement is Fair and Reasonable</u>**

FLSA claims may be settled if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07. The Court cannot dismiss the complaint until it finds that the terms of the settlement are "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. l 5-CV-1410 (KAM) (SMG), 20 16 WL 386042, at * 1 (E.D.N .Y. Feb. I, 2016). A "fair and reasonable" settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Networking Computing USA, Inc.*, No. 07-CV-86 (JS) (MLO), 2008 WL 724155. at *I (E.D.N.Y. Mar. 13, 2008) (internal quotation marks and citation omitted). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472 (KBF)(DCF), 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Id.*

In evaluating a proposed settlement of FLSA claims is "fair and reasonable," courts in this Circuit consider the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Vidal v.*

155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

*Eager Corp.*, No. 16-CV-979 (RRM) (ST), 2018 U.S. Dist. LEXIS 42113 (E.D.N.Y. Mar. 13, 2018) (citing *Wolinsky v. Scholastic, Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

***Plaintiff's Range of Possible Recovery***

As stated above, Plaintiff's Counsel estimates that applying the reasonably practical half-time methodology with alleged 65 to 76 work hours per week throughout her employment period, if Plaintiff prevailed she would be entitled to $20,234.16 in actual damages plus an equal amount in liquidated damages.

In light of the factual and legal disputes underlying the Plaintiff's claims, coupled with the uncertainty of knowing which party would ultimately succeed on the merits and how much the potential recovery would be, Plaintiff is satisfied with the $26,293.95 she stands to receive under the proposed Agreement. (Teng Decl., ¶ 28). The parties agree and stipulate that the proposed settlement payment of $26,293.95 to Plaintiff represents her full actual damages plus 29.95% of liquidated damages under the FLSA which reflects a fair and reasonable compromise of the issues in dispute. (*Id.* ¶ 29).

***Avoiding Anticipated Burdens in Establishing The Respective Claims and Defenses and The Seriousness of the Litigation Risks Faced by the Parties***

At all times, the parties disputed the issues of whether Plaintiff's job duties qualified her as exempt under the executive and/or administrative exemptions to the overtime and/or minimum wage requirements of the FLSA and NYLL, whether Plaintiff regularly worked a range of up to 65 to 76 hours per week throughout her employment period, whether there was a mutual understanding that the fixed weekly salary was compensation for all hours worked each workweek, whether Plaintiff's regular rate of pay was computed properly in calculating alleged unpaid wages, whether half-time methodology or time-and-one-half methodology should be applied in calculating alleged unpaid overtime, whether liquidated damages are appropriate and whether there are other similarly situated employees. (*Id.* ¶ 22).

Given the parties' *bona fide* disputes over factual and legal merits, the continued litigation costs over fact-intensive discovery and trial preparation, the potential that a court or jury could resolve it in Defendant's favor on exemption issues, the Court should find that the burdens, costs, and risks to Plaintiff of litigating this matter outweighed the possibility holding out for a greater recovery.




155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

***Arm's-Length Bargaining Between Experienced Wage and Hour Counsel***

The parties and their Counsel engaged in several rounds of negotiations and discussions regarding factual and legal disputes and damage calculations. (*Id.* ¶¶ 24-25). At all times, the parties were at an arm's-length relationship and were represented by experienced Counsel. (*Id.* ¶¶ 4-12).

In this matter, Counsel relied on their experience of similar alleged misclassification cases to perform a thorough early evaluation of Plaintiff's claims and her potential recovery. Counsel's able representation ensured that Plaintiff's rights under the statute were protected. Given counsel's experience in these cases, the relatively nominal amount of recovery and the risks discussed above, the parties arrived at the above settlement amount and agreed this amount is a fair and reasonable settlement under the circumstances of this case.

**Attorneys' Fees and Costs are also Reasonable**

In addition to assessing the reasonableness of the settlement award, "the court must also assess the reasonableness of [any attorneys'] fee award." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). Attorneys' fees in FLSA settlements are examined "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

"Courts in this circuit generally approve attorney's fees that represent one-third contingency fees" *Vidal*, 2018 U.S. Dist. LEXIS 42113, at *4 (citing *Karic v. Major Automotive Companies, Inc.*, No. 09-CV-5708 (CLP), 2016 U.S. Dist. LEXIS 57782, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016) (collecting cases) ("Courts in this Circuit have often approved requests for attorney's fees amounting to 33.3% of a settlement fund."); *see also, e.g., Chavez v. Pac. Green Groumet Food, Inc.*, 2018 U.S. Dist. LEXIS 63920, at *4 (E.D.N.Y. Apr. 13, 2018) (noting that one-third of the net recovery (the gross recovery minus costs incurred by Plaintiff's counsel) has been considered reasonable in this District); *Alvarez v. Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. LEXIS 206043, at *9 (E.D.N.Y. Dec. 13, 2017); *Lopez v. 41-06 Bell Blvd. Bakery LLC*, 15 Civ. 6953 (SJ) (PK), 2016 U.S. Dist. LEXIS 138128, 2016 WL 6156199, at *3 (E.D.N.Y. Oct. 3, 2016). "Legal costs should rather be deducted from the gross settlement amount, and the proportions going to counsel and client should be calculated according to the remaining net." *Alvarez*, 2017 U.S. Dist. LEXIS 206043, at *5 (collecting cases). Further, "Second Circuit precedent encourages courts to 'crosscheck' attorney fees awarded as a percentage of the fund against the fees that could result were the court instead to award them based on a calculation of a reasonable hourly rate for counsel's work." *Id.* at *14.




155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

Here, the parties have negotiated and Defendant has agreed to pay Plaintiff $559.07 for costs and $13,146.98 for reasonable attorneys' fees.

Plaintiff's Counsel has incurred/will incur costs and expenses in a total amount of $559.07 as detailed in the Summary of Attorneys' Fees and Costs (**Exhibit 2** to Teng Decl.). The costs and expenses incurred are reasonable and integral to the investigation, prosecution and settlement of this case, and therefore the Court should approve the payment of costs to Plaintiff's Counsel. *See, e.g., Tao Rui Wu v. Maxphoto Ny Corp*., No. CV 15-3050 (LDH)(ARL), 2016 U.S. Dist. LEXIS 158991, at *9 (E.D.N.Y. Nov. 15, 2016) ("'Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable.'" (quoting *Hernandez v. NJK Contractors, Inc*., No. 90-CV-4812, 2015 U.S. Dist. LEXIS 117853, 2015 WL 5178119, at *6 (E.D.N.Y. Sept. 3, 2015)).

Further, the attorneys' fees here are reasonable and should be approved. The attorneys' fees of $13,146.98 constitute 1/3 of the net settlement amount of $39,440.93 and less than Plaintiff's Counsel's lodestar. (Teng Decl., ¶ 31). As of May 25, 2018, Plaintiff's attorneys and their staff have collectively performed legal work for a total of 78.70 hours in the investigation, prosecution and settlement of this case. (*Id.* ¶ 32). Pursuant to the firm's standard billing rates, Plaintiff has incurred a total of $25,907.07 for attorneys' fees. (*Id.* ¶ 33). Nonetheless, for purposes of this Motion, the submitted Summary of Attorneys' Fees and Costs applies the discounted rates in accordance with the presumptively reasonable hourly rates within this District which establishes attorneys' fees of $15, 842.50. (*Id.*). *See, e.g., Piedra v. Ecua Rest.*, Inc., No. 17 CV 3316 (PKC) (CLP), 2018 U.S. Dist. LEXIS 16863, at *49 (E.D.N.Y. Jan. 31, 2018) ("the following rates have been endorsed as reasonable: $300.00-$450.00 for partners, $200.00-$300.00 for senior associates, and $100.00-$200.00 for junior associates").

While the case settled in a relatively early stage, "courts in this circuit typically award attorneys' fees for pre-filing preparations," *Kahlil v. Original Old Homestead Rest., Inc*, 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009), and "for all time spent on settlement." *Ruiz v. Maidenbaum & Assoc., P.L.L.C*., 2013 U.S. Dist. LEXIS 109733 (S.D.N.Y. 2013) (holding "[s]ettlement is an important part of an attorney's work on a case, and time spent on such efforts is compensable").

Until the conclusion of the entire settlement process, Plaintiff's Counsel and their staff are expected to spend further hours on legal work including, but not limited to, attending a hearing regarding court approval of the settlement, ensuring distribution of the settlement payments to the Plaintiff, and lastly filing the Stipulation and Order of Discontinuance with Prejudice (Exhibit A to the proposed Agreement) after Settlement Payment is disbursed. (Teng Decl., ¶ 34).




155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

The parties are not requesting the Court to approve Plaintiff's Counsel's entire lodestar, but are requesting approval of the reduced amount of $13,146.98, or 1/3 of the net settlement amount, for the attorney's fees agreed to as a term of the settlement agreement. Notwithstanding the additional legal work expected to be done to perfect this settlement, Plaintiff's Counsel did not seek additional fees to be paid by Defendant and the total amount of the fees sought remains to be $13,146.98.

As such, the Parties respectfully submit that the amounts of $559.07 for costs and $13,146.98 for fees are reasonable.

**Conclusion**

In light of the foregoing, the parties submit that the proposed Agreement is a fair and equitable resolution of a *bona fide* dispute between the parties, and the proposed fees and costs are appropriate in this case. Therefore, the parties respectfully request that the Court approve their proposed Agreement as fair and reasonable, and permit the parties to dismiss this action with prejudice.

Respectfully submitted,

/s *Ching-Yuan Teng*
Ching-Yuan ("Tony") Teng.

Cc: All Parties (via ECF)