UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LISA BROOKS, individually, and on behalf of
others similarly situated,

                              Plaintiff,

              -against-

EIHAB HUMAN SERVICES, INC.,

                              Defendant.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18 CV 137 (CLP)

**POLLAK**, United States Magistrate Judge:

On January 9, 2018, plaintiff Lisa Brooks ("plaintiff") commenced this action on behalf of herself and others similarly situated against defendant Eihab Human Services, Inc. ("defendant"), seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq. On May 29, 2018, the parties filed a joint letter informing the Court that they had reached a settlement in this matter and seeking FLSA settlement approval. On September 12, 2018, the Court held a fairness hearing on the parties' motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Brooks alleges that she was employed by defendants from approximately January 2015 until November 2017, during which time she worked as a Medical Coordinator/Shift Supervisor. (Compl. ¶ 29).[1] Plaintiff alleges that from January 2015 until July 2015, she was paid an annual salary of $27,000. (Id.) From approximately July 2015 until

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed January 9, 2018, ECF No. 1.

January 2017, she worked dual positions of Medical Coordinator/Shift Supervisor and Assistant Residence Manager and received a fixed annual salary of $35,000. (Id. ¶ 30). Beginning in July 2016 until January 2017, her pay increased to $40,000 per year, which she continued to receive until October 2017, when her salary decreased to $32,000 a year. (Id. ¶¶ 31, 32). She alleges that she was misclassified as exempt under the FLSA and was never paid time and one-half for the hours she worked above 40 in a week. (Id.) She also claims that she regularly worked up to 65 to 76 hours in a week for which she should have received overtime pay. (Ltr.[2] at 2). As reflected in the Settlement Agreement, the parties agreed to settle the action for a total of $40,000. (Id.)

For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

## DISCUSSION

I.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have

---

[2] Citations to "Ltr." refer to plaintiff's Letter dated May 29, 2018, ECF No. 15.

identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

II.   Settlement Amount

The parties propose a total settlement amount of $40,000. (Ltr. at 1-2). Plaintiff contends that if she were to prevail at trial, she would be entitled to receive $20,234.16 in actual damages and an equal amount in liquidated damages, for a total of $40,468.32. (Id. at 2). In explaining why the settlement was fair and reasonable, counsel notes that there is a significant dispute as to whether plaintiff was properly classified as exempt or not, plus there was a dispute as to the number of hours she actually worked. (Id. at 3-4). Not only is plaintiff receiving close to her back wages and 29.9% of her liquidated damages, but the settlement was reached after "several rounds" of negotiations between experienced counsel. (Id. at 4, 5). Counsel contends that based on the many factual and legal issues in dispute in this case, the settlement is fair and reasonable. (Id.)

Moreover, the amount requested in attorney's fees is reasonable. Plaintiff's counsel is to receive $559.07 in filing fees and service costs, plus $13,706.05 in attorneys' fees which is one-third of the net proceeds. (Id. at 6). According to counsel, this is less than the lodestar to date

3

which is $25,907,07. (Id.) This distribution is fair and reasonable in light of the awards typically approved in this Circuit. (Id. (citing Velazquez v. Digital Page, No. 11 CV 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016)).

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

Having considered the various issues in dispute, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable based on the contingency fee percentage supported by case law in this district, and the lodestar crosscheck.

The parties shall file a stipulation of dismissal with prejudice by October 18, 2018.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:   Brooklyn, New York
         September 18, 2018

                                          _____
                                          Cheryl L. Pollak
                                          United States Magistrate Judge
                                          Eastern District of New York